**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PAR PHARMACEUTICAL, INC., and HANDA PHARMACEUTICALS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> TAKEDA PHARMACEUTICAL CO., LTD., TAKEDA PHARMACEUTICALS NORTH AMERICA, INC., TAKDEA PHARMACEUTCALS AMERICA, INC., and TAKEDA PHARMACEUTICALS U.S.A. INC., <br><br> Defendants. | Case No.: 13-CV-01927-LHK <br><br> ORDER RELATING CASES AND SETTING CASE MANAGEMENT CONFERENCE |

The above captioned matter concerns infringement of United States Patent No. 8,173,158 ("the '158 Patent"). On June 25, 2013, Takeda Pharmaceutical Company, Limited, Takeda Pharmaceuticals U.S.A., Inc., and Takeda Pharmaceuticals America, Inc. (collectively, "Takeda"), Plaintiffs and Counterclaimants in the instant action, filed an administrative motion to relate three other pending cases each of which concerns infringement of the '158 patent ("'158 Actions"): ECF No. 25 ("Takeda's Motion to Relate Cases"). Specifically, Takeda requests that the Court relate the following cases: *Takeda Pharmaceutical Co., Ltd., et al. v. Impax Laboratories, Inc.*, Case No. 3:13-cv-02416-SI, filed May 29, 2013 ("Impax"); *Takeda Pharmaceutical Co., Ltd., et al. v. Sandoz Inc.*, Case No. 5:13-cv-02418-EJD, filed May 29, 2013 ("Sandoz"); and *Takeda Pharmaceutical Co., Ltd., et al v. TWi Pharmaceuticals, Inc.*, Case No. 3:13-cv-02420-WHA, filed

1

May 29, 2013 ("TWi"). In each of the '158 Actions, Takeda has asserted causes of action in response to Abbreviated New Drug Applications ("ANDA") submitted to the U.S. Food and Drug Administration ("FDA") by Par/Handa, Impax, Sandoz, and TWi, respectively. Takeda has declined to proceed before a Magistrate Judge in each of these actions.

On July 1, 2013, Impax filed an "Opposition to Plaintiffs' Administrative Motion to Relate." No. 3:13-cv-02416-SI, ECF No. 16.[1] Although styled as an opposition, the document begins by stating "Impax does not oppose having all four of the ['158 Actions] heard by the same Court." *Id.* at 1. Rather, Impax notes that Magistrate Judge Spero has presided over other cases involving the same accused drug products, the same defendants, and U.S. Patent No. 7,790,755 (the "'755 Patent), which Impax alleges is similar to the '158 Patent. *See id.* In those cases, (the "'755 Actions"), all parties have consented to proceed for all purposes before Magistrate Judge Spero. *See id.* Impax notes that Judge Spero has invested significant time in the '755 Actions, including holding a tutorial and a *Markman* hearing relating to the '755 Patent, issuing claim constructions relating to the '755 Patent, and granting the summary judgment of non-infringement of the '755 patent to each of Impax, Handa/Par, and TWi . *Id.* at 2. Impax alleges that "Takeda's refusal now to again consent to Judge Spero is plain forum shopping," which will require the Court to duplicate the time and effort of Judge Spero. *Id.* at 1, 3. As a result, Impax requests that the Court set a status conference in this matter and the other matters that Takeda seeks to join, to be attended by lead counsel for each of the parties "to determine how to avoid the waste of judicial resources that the relief requested by Takeda would cause." *Id.* at 4.

---

[1] Pursuant to Civil Local Rule 3-12(e), this document should have been filed in the instant action, served on all parties, and lodged with the Chambers of all Judges identified in the motion. However, it appears to have been filed only in Case No. 3:13-cv-02416-SI, and served only on Takeda's counsel. *See* No. 3:13-cv-02416-SI , ECF No. 17. The Court considers the contents of Impax's Motion to the extent it assists the Court in its determination. Impax also filed an Administrative Motion to File Under Seal Confidential Material in Support of Impax's Opposition to Plaintiff's Administrative Motion to Relate ("Sealing Motion"). No. 3:13-cv-02416-SI, ECF No. 15. Because the Sealing Motion was not filed in the instant action, the undersigned judge does not rule on it.

Additionally, on July 1, 2013, TWi filed a "Response to Plaintiffs' Motion to Relate." No. 3:13-cv-02420-WHA, ECF No. 15.[2]  TWi alleges that the Motion to Relate is procedurally improper, because it should have been filed in the earliest filed of the '755 Actions before Judge Spero, which TWi alleges are also related to the instant action. *Id.* at 1.  However, the Court finds that Takeda properly filed the Motion to Relate in the instant case, the earliest filed case of those which Takeda seeks to relate.  *See* Civil L.R. 3-12(b) ("Whenever a party knows or learns that an action, filed in or removed to this district is (or the party believes that the action may be) related to an action which is or was pending in this District as defined in Civil L.R. 3-12(a), the party must promptly file in the earliest-filed case an Administrative Motion to Consider Whether Cases Should be Related, pursuant to Civil L.R. 7-11.").  Moreover, on May 7, 2013, Par Pharmaceutical, Inc. ("Par") and Handa Pharmaceuticals, LLC ("Handa"), Plaintiffs in the instant action, filed an administrative motion to relate the instant action to Case No. 3:11-cv-0840-JCS before Judge Spero.  *See* ECF No. 11, Notice of Lodging of Par/Handa's Motion to Relate.  On May 13, 2013, Takeda opposed Par/Handa's Motion to Relate Cases, noting that Takeda has not consented to proceed before a Magistrate Judge in the instant action.  *See* ECF No. 13, Notice of Lodging Takeda's Opposition to Par/Handa's Motion to Relate Cases.  Magistrate Judge Spero denied Par/Handa's Motion to Relate on May 15, 2013.  *See* ECF No. 13, Order Denying Motion to Relate Cases.  Accordingly, the Court does not find any procedural impropriety in Takeda's Motion to Relate Cases currently before the Court.

Because it is undisputed that each of the '158 Actions "concerns substantially the same parties, property, transaction or event," and "it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges," the Court GRANTS Takeda's Motion to Relate Cases and issues the attached Order.  *See* Civ. L.R. 3-12(a).  However, the Court agrees that Judge Spero should preside over all of these actions.  The Court hereby CONTINUES the initial Case Management Conference in the instant action from July 31, 2013, to August 7, 2013, at 2:00 p.m., and sets a Case

---

[2] Like Impax, TWi also failed to file its submission in the instant action. Nonetheless, the Court addresses the concerns raised by TWi, in anticipation of further discussion with counsel for all parties regarding efficient management of these cases.

Management Conference in each of the newly related cases for the same date and time. The Joint Case Management Statements filed in advance of this Case Management Conference shall address whether the parties will consent to proceed before Judge Spero, and how to avoid needless duplication of efforts. Lead trial counsel for each of the parties shall attend the Case Management Conference.

**IT IS SO ORDERED.**

Dated: July 9, 2013

_____
LUCY H. KOH
United States District Judge