1    (All parties and counsel listed on Signature Page)

2

3

4                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF CALIFORNIA
5                      SAN FRANCISCO DIVISION

6    PAR PHARMACEUTICAL, INC., and        Case No. 5:13-cv-1927 LHK
     HANDA PHARMACEUTICALS, LLC.,
7                                          **STIPULATED PROTECTIVE ORDER**
                Plaintiffs,
8
                v.
9
     TAKEDA PHARMACEUTICAL CO., LTD.,
10   TAKEDA PHARMACEUTICALS NORTH
     AMERICA, INC., TAKEDA
11   PHARMACEUTICALS AMERICA, INC.,       Judge:    Hon. Lucy H. Koh
     AND TAKEDA PHARMACEUTICALS
12   U.S.A., INC.,

13              Defendant.

14

15        1.      PURPOSES AND LIMITATIONS

16        Disclosure and discovery activity in this action are likely to involve production of

17   confidential, proprietary, or private information for which special protection from public

18   disclosure and from use for any purpose other than prosecuting this litigation would be warranted.

19   Accordingly, the parties hereby stipulate to and petition the Court to enter the following

20   Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket

21   protections on all disclosures or responses to discovery and that the protection it affords from

22   public disclosure and use extends only to the limited information or items that are entitled to

23   confidential treatment under the applicable legal principles.  The parties further acknowledge, as

24   set forth in Section 14, below, that this Stipulated Protective Order does not entitle them to file

25   confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be

26   followed and the standards that will be applied when a party seeks permission from the Court to

27   file material under seal. This Stipulated Protective Order is submitted and entered without

28   prejudice to Plaintiffs' position that the instant case should be related to the matter *Takeda*

1    *Pharmaceutical Co., Ltd. v. Handa Pharmaceuticals, LLC and Par Pharmaceutical, Inc.*, No.

2    3:11-cv-840 (N.D. Cal.) and heard by Judge Spero. By stipulating to this Stipulated Protective

3    Order, Plaintiffs do not waive any right they otherwise would have with respect to this position or

4    its advancement.

5         2.    <u>DEFINITIONS</u>

6              2.1    <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of

7    information or items under this Order.

8              2.2    <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of how

9    it is generated, stored or maintained) or tangible things that qualify for protection under Federal

10   Rule of Civil Procedure 26(c). "CONFIDENTIAL" information or items includes information or

11   tangible things produced in the matter *Takeda Pharmaceutical Co., Ltd. v. Handa*

12   *Pharmaceuticals, LLC and Par Pharmaceutical, Inc.*, No. 3:11-cv-840 (N.D. Cal.) designated by

13   any Party as "CONFIDENTIAL" under the protective order issued in that case, [No. 3:11-cv-840

14   D.N. 121], which in the interest of avoiding repetitive discovery, are deemed produced in this

15   case, notwithstanding the provisions in the aforementioned protective order foreclosing the use of

16   such materials in other litigation (*see* [No. 3:11-cv-840, D.N. 121] ¶ 7.1) and subject to the

17   requirements of the Amended Stipulated Protective Order submitted for entry in that case on July

18   12, 2013 [No. 3:11-cv-840, D.N. 440].

19             2.3    <u>Counsel (without qualifier)</u>:  Outside Counsel of Record and House

20   Counsel (as well as their support staff).

21             2.4    <u>Designated House Counsel</u>:  House Counsel who seek access to "HIGHLY

22   CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

23             2.5    <u>Designating Party</u>:  a Party or Non-Party that designates information or

24   items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or

25   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

26             2.6    <u>Disclosure or Discovery Material</u>:  all items or information, regardless of

27   the medium or manner in which they are generated, stored, or maintained (including, among other

28

STIPULATED PROTECTIVE ORDER
CASE NO. 5:13-CV-1927 LHK

things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert:  a person who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action, subject to the provisions of Paragraph 7.2(c) below.  The consent to designation of an individual as an "Expert" under this Order is without prejudice to any objections a Party may have to that witness or his or her testimony.

2.8    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:  extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information  or items includes information or tangible things produced in the matter *Takeda Pharmaceutical Co., Ltd. v. Handa Pharmaceuticals, LLC and Par Pharmaceutical, Inc.*, No. 3:11-cv-840 (N.D. Cal.) designated by any Party as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the protective order issued in that case, [No. 3:11-cv-840 D.N. 121], which in the interest of avoiding repetitive discovery, are deemed produced in this case, notwithstanding the provisions in the aforementioned protective order foreclosing the use of such materials in other litigation (*see* [No. 3:11-cv-840, D.N. 121] ¶ 7.1) and subject to the requirements of the Amended Stipulated Protective Order submitted for entry in that case on July 12, 2013 [No. 3:11-cv-840, D.N. 440].

2.9    House Counsel:  attorneys or intellectual property professionals[1] who are employees of a party to this action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

---

[1] "Intellectual property professionals" shall refer to Japanese intellectual property professionals trained in intellectual property whose primary responsibilities include tasks typically performed by lawyers in the United States, including, e.g., litigation management, prosecution, and licensing.

STIPULATED PROTECTIVE ORDER
CASE NO. 5:13-CV-1927 LHK

2.11 <u>Outside Counsel of Record</u>:  attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.12 <u>Party</u>:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13 <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14 <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits, graphics, or demonstrations, and organizing, storing, retrieving data in any form or medium, and so on) and their employees and subcontractors.

2.15 <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." "Protected Material" includes information or tangible things produced in the matter *Takeda Pharmaceutical Co., Ltd. v. Handa Pharmaceuticals, LLC and Par Pharmaceutical, Inc.*, No. 3:11-cv-840 (N.D. Cal.) constituting "Protected Material" under the protective order issued in that case, [No. 3:11-cv-840 D.N. 121], which in the interest of avoiding repetitive discovery, are deemed produced in this case, notwithstanding the provisions in the aforementioned protective order foreclosing the use of such materials in other litigation (*see* [No. 3:11-cv-840, D.N. 121] ¶ 7.1) and subject to the requirements of the Amended Stipulated Protective Order submitted for entry in that case on July 12, 2013 [No. 3:11-cv-840, D.N. 440].

2.16 <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3. <u>SCOPE</u>

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected

STIPULATED PROTECTIVE ORDER
CASE NO. 5:13-CV-1927 LHK

Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

However, the protections conferred by this Stipulated Protective Order do not cover the following information:  (a)  any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify — so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

1    Mass, indiscriminate, or routinized designations are prohibited.  Designations that are

2    shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

3    unnecessarily encumber or retard the case development process or to impose unnecessary

4    expenses and burdens on other parties) expose the Designating Party to sanctions.

5    If it comes to a Designating Party's attention that information or items that it designated

6    for protection do not qualify for protection at all or do not qualify for the level of protection

7    initially asserted, that Designating Party must promptly provide written notice to all other parties

8    that it is withdrawing the mistaken designation.

9    5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this

10   Order (*see, e.g.*, second paragraph of Section 5.2(a), below), or as otherwise stipulated or ordered,

11   Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

12   designated before the material is disclosed or produced.

13   Designation in conformity with this Order requires:

14   (a)    <u>for information in documentary form</u> (e.g., paper or electronic documents,

15   but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

16   Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

17   EYES ONLY" to each page that contains protected material.  If only a portion or portions of the

18   material on a page qualifies for protection, the Producing Party also must clearly identify the

19   protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for

20   each portion, the level of protection being asserted.

21   A Party or Non-Party that makes original documents or materials available for inspection

22   need not designate them for protection until after the inspecting Party has indicated which

23   material it would like copied and produced.  During the inspection and before the designation, all

24   of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –

25   ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants

26   copied and produced, the Producing Party must determine which documents, or portions thereof,

27   qualify for protection under this Order.  Then, before producing the specified documents, the

28   Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY

- 6 -

1  CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected

2  Material.  If only a portion or portions of the material on a page qualifies for protection, the

3  Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate

4  markings in the margins) and must specify, for each portion, the level of protection being asserted

5  (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

6          (b)      for testimony given in deposition or in other pretrial or trial proceedings,

7  that the Designating Party identify on the record, before the close of the deposition, hearing, or

8  other proceeding, all protected testimony, and further specify the portions of the testimony that

9  qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  When it is

10  impractical to identify separately each portion of testimony that is entitled to protection and it

11  appears that substantial portions of the testimony may qualify for protection, the Designating

12  Party may invoke on the record (before the deposition, hearing, or other proceeding is

13  concluded) a right to have up to 21 days to identify the specific portions of the testimony as to

14  which protection is sought and to specify the level of protection being asserted.  Only those

15  portions of the testimony that are appropriately designated for protection within the 21 days

16  shall be covered by the provisions of this Stipulated Protective Order.

17        The use of a document as an exhibit at a deposition shall not in any way affect its

18  designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

19  ONLY."

20        Deposition transcripts containing Protected Material must be separately bound by the

21  court reporter, who must affix to the front of the transcript the legend "CONFIDENTIAL" or

22  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party

23  offering or sponsoring the testimony.  Any transcript that is prepared before the expiration of a

24  21-day period for designation shall be treated during that period as if it had been designated

25  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise

26  agreed.  After the expiration of that period, the transcript shall be treated only as actually

27  designated.

28          (c)      for information produced in some form other than documentary and for

STIPULATED PROTECTIVE ORDER
CASE NO. 5:13-CV-1927 LHK

1   any other tangible items, that the Producing Party affix in a prominent place on the exterior of

2   the container or containers in which the information or item is stored the legend

3   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only

4   a portion or portions of the information or item warrant protection, the Producing Party, to the

5   extent practicable, shall identify the protected portion(s) and specify the level of protection

6   being asserted.

7               5.3      Inadvertent Failures to Designate.  If timely corrected, an inadvertent

8   failure to designate qualified information or items does not, standing alone, waive the Designating

9   Party's right to secure protection under this Order for such material.  Upon timely correction of a

10  designation, the Receiving Party must make reasonable efforts to assure that the material is

11  treated in accordance with the provisions of this Order.  Any disclosure of such information that

12  is not otherwise in violation of this Stipulated Protective Order and that was made prior to the

13  correction of the designation is not a breach of this Order.

14      6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

15              6.1      Timing of Challenges.  Any Party or Non-Party may challenge a

16  designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's

17  confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary

18  economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its

19  right to challenge a confidentiality designation by electing not to mount a challenge promptly

20  after the original designation is disclosed.

21              6.2      Meet and Confer.  The Challenging Party shall initiate the dispute

22  resolution process by providing written notice of each designation it is challenging and describing

23  the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the

24  written notice must recite that the challenge to confidentiality is being made in accordance with

25  this specific paragraph of the Protective Order.  The parties shall attempt to resolve each

26  challenge in good faith and must begin the process by conferring directly (in voice-to-voice

27  dialogue; other forms of communication are not sufficient) within 14 days of the date of service

28  of notice.  In conferring, the Challenging Party must explain the basis for its belief that the

confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet-and-confer process first or establishes that the Designating Party is unwilling to participate in the meet-and-confer process in a timely manner.

6.3     Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet-and-confer process will not resolve their dispute, whichever is earlier.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet-and-confer requirements imposed in the preceding paragraph.  Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation.  In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet-and-confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

STIPULATED PROTECTIVE ORDER
CASE NO. 5:13-CV-1927 LHK

7.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material shall not be used for any business, commercial, regulatory, competitive, personal, or other purpose.  In particular, Protected Material disclosed in this litigation shall not be submitted to or used to prepare submissions to any foreign or domestic regulatory agency, including but not limited to citizen petitions to the United States Food and Drug Administration ("FDA"), and/or any submission to the United States Pharmacopeia, British Pharmacopeia, or European Pharmacopeia. Furthermore, any Protected Material disclosed in this litigation shall not be used in any other litigation, including lawsuits against the FDA.  Any summary, compilation, notes, memoranda, analysis, or copy containing Confidential Information or Highly Confidential Information and any electronic image or database containing "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information shall be subject to the terms of this Protective Order to the same extent as the material or information from which such summary, compilation, notes, copy, memoranda, analysis, electronic image, or database is derived.

Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)     the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

STIPULATED PROTECTIVE ORDER
CASE NO. 5:13-CV-1927 LHK

(c)     Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in Section 7.4(a)(3), below, have been followed;

(d)     the Court and its personnel;

(e)     court reporters and their staff and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3     <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)     Designated House Counsel of the Receiving Party, as set forth below, provided that (i) prior to accessing any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" the Designated House Counsel shall sign the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A, as well as a declaration affirming their: (1) non-involvement in the preparation or prosecution of any U.S. or foreign patent application relating to proton pump inhibitors, including dexlansoprazole;

STIPULATED PROTECTIVE ORDER
CASE NO. 5:13-CV-1927 LHK

(2) non-involvement in advising on decisions about pricing or design made in light of similar or

corresponding information about a competitor regarding proton pump inhibitors, including

dexlansoprazole; and (3) non-involvement in the preparation or submission of U.S. Food and

Drug Administration documents (including but not limited to citizen petitions), or any similar

documents in any foreign country, regarding approval requirements relating to proton pump

inhibitors, including dexlansoprazole, except where such correspondence is regarding the

Receiving Party's own pending drug approval application and (ii) the procedures set forth in

Section 7.4 below have been followed.

(c)     Notwithstanding the provisions of Paragraph 7.3(b), the parties agree that

Ken Greisman, Vice President and Chief Legal Counsel for Litigation for Takeda

Pharmaceuticals North America, Inc., and Eiji Nara, Director of Intellectual Property for Takeda

Pharmaceutical Company, Inc., may obtain advice on the progress of the litigation from their

Outside Counsel of Record and may review pleadings, briefs, and other papers, including drafts,

filed or served in this matter, provided, however, that Mr. Greisman and Dr. Nara may not

receive any Bates-numbered documents produced by Defendants.  Mr. Greisman and Dr. Nara

shall sign the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit

A.

(d)     Experts of the Receiving Party (1) to whom disclosure is reasonably

necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be

Bound" (Exhibit A), and (3) as to whom the procedures set forth in Section 7.4(a)(3), below,

have been followed;

(e)     the Court and its personnel;

(f)     court reporters and their staff and Professional Vendors to whom

disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment

and Agreement to Be Bound" (Exhibit A); and

(g)     the author or recipient of a document containing the information or a

custodian or other person who otherwise possessed or knew the information.

(h)     The list of persons to whom information or items that has been designated

STIPULATED PROTECTIVE ORDER
CASE NO. 5:13-CV-1927 LHK

1   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed may be

2   expanded or modified by mutual agreement in writing by Counsel for the Designating Party and

3   the Receiving Party without necessity of modifying this Order.

4              7.4     Procedures for Approving or Objecting to Disclosure of Information or

5   Items to Designated House Counsel or Experts.

6       (a)(1)  Unless otherwise ordered by the Court or agreed to in writing by the Designating

7   Party, a Party that seeks to disclose materials that have been designated "HIGHLY

8   CONFIDENTIAL – ATTORNEYS' EYES ONLY" to Designated House Counsel first must

9   make a written request to the Designating Party that (1) sets forth the full name of the Designated

10  House Counsel and the city and state of his or her residence, and (2) describes the Designated

11  House Counsel's current and reasonably foreseeable future primary job duties and responsibilities

12  in sufficient detail to determine if House Counsel is involved, or may become involved, in any

13  competitive decision-making.

14      (a)(2)  Designated House Counsel who receive "HIGHLY CONFIDENTIAL –

15  ATTORNEYS' EYES ONLY" information pursuant to this Order must disclose any relevant

16  changes in job duties or responsibilities prior to final disposition of the litigation to allow the

17  Designating Party to evaluate any later-arising competitive decision-making responsibilities.

18      (a)(3)  Unless otherwise ordered by the Court or agreed to in writing by the Designating

19  Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item

20  that has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

21  EYES ONLY" pursuant to Sections 7.2(c) or 7.3(d), respectively, first must make a written

22  request to the Designating Party that (1) sets forth the full name of the Expert and the city and

23  state of his or her primary residence, (2) attaches a copy of the Expert's current resume,

24  (3) identifies the Expert's current employer(s), and (4) identifies (by name and number of the case

25  and location of court) any litigation in connection with which the Expert has offered expert

26  testimony, including through a declaration, report, or testimony at a deposition or trial, during the

27  preceding five years.

28              (b)     A Party that makes a request and provides the information specified in the

- 13 -

preceding respective paragraphs may disclose the subject Protected Material to the identified Designated House Counsel or Expert unless, within 7 calendar days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

(c)     A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice-to-voice dialogue) to try to resolve the matter by agreement within 7 calendar days of the written objection.  If no agreement is reached, the Party seeking to make the disclosure to Designated House Counsel or the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the Court to do so.  Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to Designated House Counsel or the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk.  In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet-and-confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to Designated House Counsel or the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated House Counsel or Expert.

8.     REGULATORY AND PROSECUTION BAR

(a)     Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information shall not be involved in the prosecution of patents or patent applications relating to any proton pump inhibitor, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the

STIPULATED PROTECTIVE ORDER
CASE NO. 5:13-CV-1927 LHK

1    Patent Office").  For purposes of this paragraph, "prosecution" includes directly or indirectly

2    drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.[2]

3    To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party

4    challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue

5    protest, ex parte reexamination or inter partes reexamination).  This Prosecution Bar shall begin

6    when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information is

7    first received by the affected individual and shall end two (2) years after final termination of this

8    action.

9              (b)     Absent written consent from the Producing Party, any individual who

10   receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information

11   shall not be involved in the preparation or submission of any FDA documents (including but not

12   limited to citizen petitions), or any similar documents in any foreign country, regarding approval

13   requirements relating to any proton pump inhibitors, including dexlansoprazole, except where

14   such correspondence is regarding the Receiving Party's own pending drug approval application.

15             9.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN

16   OTHER LITIGATION

17             If a Party is served with a subpoena or a court order issued in other litigation that compels

18   disclosure of any information or items designated in this action as "CONFIDENTIAL" or

19   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

20             (a)     promptly notify in writing the Designating Party (by FAX or e-mail, if

21   possible).  Such notification shall include a copy of the subpoena or court order;

22             (b)     promptly notify in writing the party who caused the subpoena or order to

23   issue in the other litigation that some or all of the material covered by the subpoena or order is

24   subject to this Protective Order.  Such notification shall include a copy of this Stipulated

25   Protective Order; and

26             (c)     cooperate with respect to all reasonable procedures sought to be pursued

27   _____

28   [2] Prosecution includes, for example, original prosecution, reissue and reexamination proceedings.

1    by the Designating Party whose Protected Material may be affected.

2            If the Designating Party timely seeks a protective order, the Party served with the

3    subpoena or court order shall not produce any information designated in this action as

4    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a

5    determination by the court from which the subpoena or order issued, unless the Party has obtained

6    the Designating Party's permission.  The Designating Party shall bear the burden and expense of

7    seeking protection in that court of its confidential material — and nothing in these provisions

8    should be construed as authorizing or encouraging a Receiving Party in this action to disobey a

9    lawful directive from another court.

10           10.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED

11   IN THIS LITIGATION

12                  (a)    The terms of this Order are applicable to information produced by a Non-

13   Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

14   ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with

15   this litigation is protected by the remedies and relief provided by this Order.  Nothing in these

16   provisions should be construed as prohibiting a Non-Party from seeking additional protections.

17                  (b)    In the event that a Party is required, by a valid discovery request, to

18   produce a Non-Party's confidential information in its possession, and the Party is subject to an

19   agreement with the Non-Party not to produce the Non-Party's confidential information, then the

20   Party shall:

21                        1.    promptly notify in writing the Requesting Party and the Non-Party

22   that some or all of the information requested is subject to a confidentiality agreement with a Non-

23   Party;

24                        2.    promptly provide the Non-Party with a copy of the Stipulated

25   Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific

26   description of the information requested; and

27                        3.    make the information requested available for inspection by the

28   Non-Party.

STIPULATED PROTECTIVE ORDER
CASE NO. 5:13-CV-1927 LHK

(c)     If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

11.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

The Parties will comply with the requirements of Federal Rule of Civil Procedure 26(b)(5)(B) in the event of inadvertent production of material subject to a claim of attorney-client privilege, work product immunity, or any other applicable privilege or immunity.  Such inadvertent production shall not constitute a waiver of, nor prejudice to, any claim that such or related material is privileged or protected.

13.    MISCELLANEOUS

13.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2    Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or

1   producing any information or item on any ground not addressed in this Stipulated Protective

2   Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of

3   the material covered by this Protective Order.

4          14.    FILING PROTECTED MATERIAL.

5          Without written permission from the Designating Party or a court order secured after

6   appropriate notice to all interested persons, a Party may not file in the public record in this action

7   any Protected Material.  A Party that seeks to file under seal any Protected Material must comply

8   with Civil Local Rule 79-5.

9          15.    FINAL DISPOSITION

10         Unless otherwise ordered or agreed to in writing by the Producing Party, within 60 days

11   after the final disposition of this action, as defined in paragraph 4, each Receiving Party must

12   return all Protected Material to the Producing Party or destroy such material.  As used in this

13   subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, or

14   any other format reproducing or capturing any of the Protected Material.  Whether the Protected

15   Material is returned or destroyed, the Receiving Party must submit a written certification to the

16   Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day

17   deadline that (1) identifies (by category, where appropriate) all the Protected Material that was

18   returned or destroyed and (2) affirms that the Receiving Party has not retained any copies,

19   abstracts, compilations, summaries or any other format reproducing or capturing any of the

20   Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival

21   copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,

22   correspondence, deposition and trial exhibits, expert reports, attorney work product, and

23   consultant and expert work product, even if such materials contain Protected Material.  Any such

24   archival copies that contain or constitute Protected Material remain subject to this Protective

25   Order as set forth in Section 4 (DURATION).

26

27   DATED: July 12, 2013

28

STIPULATED PROTECTIVE ORDER
CASE NO. 5:13-CV-1927 LHK

1

HANDA PHARMACEUTICALS, LLC

2

3

By:        /s/ Mark T. Jansen

Mark T. Jansen (SBN 114896)

4

mjansen@crowell.com
CROWELL & MORING LLP

5

275 Battery St., 23rd Fl.
San Francisco, CA 94111

6

Telephone: (415) 986-2800
Facsimile: (415) 986-2827

7

8

James K. Stronski
jstronski@crowell.com

9

Chiemi D. Suzuki
csuzuki@crowell.com
Jacob Z. Zambrzycki

10

jzambrzycki@crowell.com
CROWELL & MORING LLP

11

590 Madison Ave., 20th Fl.
New York, NY 10022-2524

12

Telephone: (212) 223-4000
Facsimile: (212) 223-4134

13

14

Keith J. Harrison
kharrison@crowell.com
Jennifer H. Burdman

15

jburdman@crowell.com

16

CROWELL & MORING LLP
1001 Pennsylvania Ave., N.W.

17

Washington, DC 20004-2595
Telephone: (202) 624-2500

18

Facsimile: (202) 628-5116

19

TAKEDA PHARMACEUTICAL CO., LTD.,
TAKEDA PHARMACEUTICALS NORTH

20

AMERICA, INC., TAKEDA
PHARMACEUTICALS AMERICA, INC., AND

21

TAKEDA PHARMACEUTICALS U.S.A., INC.,

22

23

By:        /s/ Tina W. Arroyo

Jeffrey I. Weinberger (SBN 056214)

24

jeffrey.weinberger@mto.com
Ted G. Dane (SBN 143195)

25

ted.dane@mto.com

26

Heather E. Takahashi (SBN 245845)
heather.takahashi@mto.com

27

Ryan N. Hagglund (pro hac vice)
ryan.hagglund@mto.com

28

Tina W. Arroyo (State Bar No. 272757)

STIPULATED PROTECTIVE ORDER
CASE NO. 5:13-CV-1927 LHK

| 1 | | *tina.arroyo@mto.com* |
| | | MUNGER, TOLLES & OLSON LLP |
| 2 | | 355 South Grand Ave., 35th Floor |
| | | Los Angeles, CA 90071-1560 |
| 3 | | Telephone: (213) 683-9100 |
| | | Facsimile: (213) 687-3702 |

1

2

3

4

5

6

7

8

9                    **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

10

11   DATED: July 15, 2013

12                                                    _____

13                                                    Paul S. Grewal
                                                     UNITED STATES MAGISTRATE JUDGE
14

15

16

17

18

19

20

21

22                              <u>Filer's Attestation</u>

23           I, Tina W. Arroyo, am the ECF user whose identification and password are being

24   used to file this **STIPULATED PROTECTIVE ORDER.**  In compliance with General Order

25   45.X.B., I hereby attest that the above-named signatories concur in this filing.

26   DATED:  July 12, 2013

27                              _____/s/ Tina W. Arroyo_____
                                  Tina W. Arroyo
28

STIPULATED PROTECTIVE ORDER
                                                     CASE NO. 5:13-CV-1927 LHK

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order that was issued by the United States District Court for

the Northern District of California on [date] in the case of *Par Pharmaceutical, Inc. and Handa*

*Pharamaceuticals, LLC*., Case No. 5:13-cv-1927 LHK.  I agree to comply with and to be bound

by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure

to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly

promise that I will not disclose in any manner any information or item that is subject to this

Stipulated Protective Order to any person or entity except in strict compliance with the provisions

of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____[print or type full address and telephone number]

as my California agent for service of process in connection with this action or any proceedings

related to enforcement of this Stipulated Protective Order.

//

//

//

//

//

//

Date: _____

- 2 -

EXHIBIT A TO
STIPULATED PROTECTIVE ORDER
CASE NO 5:13-CV-1927 LHK

1    City and State where sworn and signed:   _____

2

3    Printed name:   _____
4                              [printed name]

5    Signature: _____
6                              [signature]

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A TO
STIPULATED PROTECTIVE ORDER
CASE NO 5:13-CV-1927 LHK