UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PAR PHARMACEUTICAL, INC. and HANDA PHARMACEUTICALS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>TAKEDA PHARMACEUTICAL CO., LTD., et al.,<br><br>Defendants. | Case No. 5:13-cv-01927-LHK-PSG<br>Case No. 5:13-cv-02416-LHK-PSG<br>Case No. 5:13-cv-02420-LHK-PSG<br><br>**ORDER DENYING MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS**<br><br>**(Re: Docket No. 108, 5:13-cv-01927)**<br>**(Re: Docket No. 80, 5:12-cv-03971)**<br>**(Re: Docket No. 77, 5:12-cv-03972)** |
| TAKEDA PHARMACEUTICAL CO., LTD., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>IMPAX LABORATORIES, INC.,<br><br>Defendant. | |

|   |   |
|---|---|
| TAKEDA PHARMACEUTICAL CO., LTD., et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| TWI PHARMACEUTICALS, INC., | ) ) |
| Defendant. | ) ) |

Before the court is a motion from Defendants and Declaratory Judgment Plaintiffs Par Pharmaceutical, Inc. and Handa Pharmaceuticals LLC, and Defendants Impax Laboratories, Inc. and TWi Pharmaceuticals, Inc. (collectively, "Defendants") to supplement their invalidity contentions across three cases to add five additional references and two additional enablement and written description arguments.[1]  Plaintiffs and Declaratory Judgment Defendants Takeda Pharmaceutical Co., Ltd., Takeda Pharmaceuticals North America, Inc. and Takeda Pharmaceuticals America, Inc (collectively, "Takeda") oppose.  After considering the arguments, the court DENIES the motion.[2]

## I. BACKGROUND

A review of the parties' patent local rule disclosures is necessary to evaluate the accused infringers' diligence.

- On November 4, 2013, Defendants served their invalidity contentions pursuant to Patent L.R. 3-3[3]

- On December 9, 2013, Takeda included additional references, including the Bergstrand reference, within its preliminary claim constructions disclosure.[4]

---

[1] *See* Docket No. 108.  For clarity, the court only will refer to the '1927 case except as otherwise indicated below.  For the purposes of this order, the court will refer to Defendants' arguments regarding enablement and written description generically as 112 arguments.

[2] Because the court has stayed the '1927 case in light of the parties' settlement, the court DENIES-AS-MOOT Defendants' motion with respect to that case.

[3] *See* Docket No. 110 at ¶ 2.

[4] *See id.* at ¶ 3; *see also* Docket No. 110-2 at 10.

2
Case Nos. 5:13-cv-01927, -02416, -02420-LHK-PSG
ORDER DENYING MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS

- On December 9, 2013, Defendants submitted their initial proposed claim constructions of disputed terms.[5]

- In January, after reviewing one of Takeda's references – the Bergstrand reference, which discusses and cites conflicting reports in the literature about the effect of food on the administration of Proton Pump Inhibitors – Defendants determined the Andersson, Brummer, Moules, Röhss and Thomson references were relevant to a possible "food effect" on therapeutic efficacy.[6]

- On January 22, 2014, Defendants disclosed four of the references to Takeda.[7]

- On January 31, 2014, Defendants disclosed the fifth reference that had been inadvertently omitted from its prior disclosure.[8]

- On February 6, 2014, Takeda and Defendants filed their joint claim construction and prehearing statement on the docket.[9]

- On March 27, 2014, Takeda filed its opening claim construction brief.[10]

- On April 24, 2014, Defendants notified Takeda of their revised proposed constructions through their claim construction brief.[11]

- On May, 6, 2014, Mylan served its invalidity contentions in the parallel *Takeda v. Mylan* case, Case No. 14-cv-00314-LHK-PSG.[12]

- On May 12, 2014, Defendants sought Takeda's stipulation to allow Defendants to amend their contentions to conform to Mylan's. The same day, Takeda rejected the offer.[13]

- On May 29, 2014, Defendants met and conferred with Takeda about their intention to seek leave to amend their invalidity contentions. The same day, Takeda informed Defendants it would oppose Defendants motion.[14]

---

[5] *See* Docket No. 110 at ¶ 6.

[6] *See id.* at ¶¶ 4-5.

[7] *See id.* at ¶ 6 (citing Docket No. 110-9, Ex. I).

[8] *See id.* at ¶ 6 (citing Docket No. 110-10, Ex. J).

[9] *See* Docket No. 77.

[10] *See* Docket No. 79.

[11] *See* Docket No. 110 at ¶¶ 7-8 (citing Docket No. 110-13, Ex. M).

[12] *See id.* at ¶ 11 (citing Docket No. 110-14, Ex. N).

[13] *See id.* at ¶¶ 13-14 (citing Docket No. 110-15, Ex. O and Docket No. 110-16, Ex. P).

[14] *See id.* at ¶¶ 15-16 (citing Docket No. 110-17, Ex. Q and Docket No. 110-18, Ex. R).

## II. LEGAL STANDARDS

Patent L.R. 3-6 permits amendment of invalidity contentions "only by order of the Court upon a timely showing of good cause."[15] The text of the rule provides a non-exhaustive list of circumstances which, absent prejudice to the non-moving party, may support a finding of good cause:

> (a) A claim construction by the Court different from that proposed by the party seeking amendment;
>
> (b) Recent discovery of material, prior art despite earlier diligent search; and
>
> (c) Recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions."[16]

The rules require parties to define their theories of infringement early on in the course of litigation.[17] By requiring the non-moving party to show good cause, Patent L.R. 3-6 balances the parties' rights to develop new information in discovery along with the need for certainty in legal theories at the start of the case.[18] The good cause inquiry considers first whether "the party seeking leave to amend acted with diligence in promptly moving to amend when new evidence" was revealed.[19] In considering the party's diligence, the critical question is whether the party "could have discovered" the new information "earlier had it acted with the requisite diligence."[20] The

---

[15] Patent L.R. 3-6.

[16] *Id.*

[17] *See O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1359 (Fed. Cir. 2006) ("The Northern District of California has adopted local rules that require parties to state early in the litigation and with specificity their contentions with respect to infringement and invalidity.").

[18] *See id.* at 1366 ("The rules thus seek to balance the right to develop new information in discovery with the need for certainty as to the legal theories.").

[19] *Id.* at 1363.

[20] *Google Inc. v. Netlist, Inc.*, Case No. 4:08-cv-04144-SBA, 2010 WL 1838693, at *2 (N.D. Cal. May 5, 2010).

burden is on the moving party to show diligence.[21]  The court then considers whether there would be undue prejudice to the non-moving party.[22]  If the court finds that the moving party was not diligent in amending its infringement contentions, there is no need to consider the question of prejudice to the non-moving party, although a court in its discretion may elect to do so.[23]

### III. DISCUSSION

#### A.   The Five Additional Prior Art References

Although Defendants became aware of the prior art references by January of 2014, they did not seek leave to amend their contentions until Mylan served its invalidity contentions in a parallel case.  Defendants have not offered a compelling explanation for why service in the *Mylan* case is relevant to the court's assessment of Defendants' diligence in this case.  Defendants' concern for the judicial workload of this court is well-taken,[24] but cannot play into the court's assessment of diligence.[25]  The local rules require parties to diligently amend their infringement contentions.  Merely disclosing new references to the other side does not delineate why the new references are invalidating.  By waiting four months to seek leave, Defendants were not diligent, even if they did

---

[21] *See O2 Micro*, 467 F.3d at 1355 ("The burden is on the movant to establish diligence rather than on the opposing party to establish a lack of diligence.").

[22] *See Bd. of Trs. of Leland Stanford Junior Univ. v. Roche Molecular Sys.*, Case No. 3:05-cv-04158-MHP, 2008 WL 624771, at *2 (N.D. Cal. Mar. 4. 2008) ("This inquiry first considers whether plaintiff was diligent in amending its contentions and then considers prejudice to the non-moving party.").

[23] *See O2 Micro*, 467 F.3d at 1368 (affirming the district court's decision refusing leave to amend upon finding the moving party was not diligent, without considering the question of prejudice to the non-moving party); *see also Leland Stanford Junior Univ.*, 2008 WL 624771, at *3.

[24] *See* Docket No. 114 at 5 ("It was reasonable for Defendants to file their motion to amend after Mylan submitted its invalidity contentions, as doing so avoided the need for filing serial motions to amend."); *id.* at 9 ("Defendants filed their motion after the submission of Mylan's invalidity contentions in order to conserve judicial resources by reducing the need for filing serial motions to amend.").

[25] *See Genentech, Inc. v. Trustees of Univ. of Pennsylvania*, Case No. 5:10-cv-2037-LHK-PSG, 2011 WL 3204579, at *1-2 (N.D. Cal. July 27, 2011) (rejecting Genentech's argument "that any delay in seeking leave to add these contentions is excusable in light of the likelihood that it would have to seek leave again after the issuance of the claim construction" order and explaining that no "exception is provided simply because a further amendment might be justified after a claim construction" is issued).

not intend to sandbag. Absent diligence, the court does not reach the issue of prejudice.[26] The additional references are out.

**B.      The New Section 112 Arguments**

Defendants urge that they were diligent in seeking leave to introduce two additional Section 112 invalidity arguments. Here, too, they were not. Defendants represent that their arguments grew out of Takeda's claim construction positions that were revealed in Takeda's opening claim construction brief.[27] Takeda points out that Defendants were on notice of its positions far earlier: Takeda had served its initial infringement contentions,[28] initial claim constructions[29] and the joint claim construction and prehearing statement well in advance of this motion.[30] The only predicate decision underlying the introduction of these additional Section 112 arguments was Defendants' election to adopt a portion of Takeda's constructions. Nothing was sprung on Defendants to excuse the period between Defendants' knowledge of Takeda's positions and their motion for leave.[31]

---

[26] This case is distinguishable from *Apple v. Samsung* where the undersigned granted Apple leave to amend its infringement contentions despite Apple's failure to establish diligence. *See Apple Inc. v. Samsung Electronics Co., Ltd.*, Case No. 5:12-cv-00630-LHK, 2012 WL 5632618, at *5 (N.D. Cal. Nov. 15, 2012). First, Apple's original contentions were "listed in Apple's 'Claims Summary Chart,' or the table of contents for their June 15 contentions." *Id.* Second, "duplicates of other charts were served in place of the second set of omitted charts." *Id.* The court therefore concluded that precluding "Apple from bringing these claims because of an administrative mistake would be an unnecessarily harsh result." *Id.* In the current case, no honest error or administrative mistake was to blame. On the contrary, Defendants had the references in hand, but consciously waited to seek leave.

[27] *See* Docket No. 79.

[28] On September 20, 2013, Takeda served its initial infringement contentions.

[29] On December 9, 2013, Takeda served its initial claim constructions.

[30] On February 6, 2014, Takeda and Defendants filed their joint claim construction and prehearing statement on the docket. *See* Docket No. 77.

[31] Any notice Defendants provided to Takeda of the additional Section 112 arguments does not cure Defendants' deficient diligence. Early disclosure speaks more to prejudice than diligence. If anything that disclosure suggests that this motion could have brought much earlier. Nor does the issuance of Judge Koh's constructions cure the deficit. *See supra* note 25.

1   By waiting until late May to seek leave to add additional Section 112 arguments,
2  Defendants plainly have not been diligent.  Absent diligence, leave is not warranted.

**IT IS SO ORDERED.**

Dated: July 23, 2014

_____
PAUL S. GREWAL
United States Magistrate Judge